Cite as: 606 U. S. \_\_\_\_ (2025)    1

# SUPREME COURT OF THE UNITED STATES

———

No. 25A97

———

## NETCHOICE, LLC *v.* LYNN FITCH, ATTORNEY GENERAL OF MISSISSIPPI

ON APPLICATION TO VACATE STAY

[August 14, 2025]

The application to vacate stay presented to JUSTICE ALITO and by him referred to the Court is denied.

JUSTICE KAVANAUGH, concurring in the denial of the application to vacate stay.

I concur in the Court's denial of NetChoice's application for interim relief because NetChoice has not sufficiently demonstrated that the balance of harms and equities favors it at this time. See Response in Opposition 37–39.

To be clear, NetChoice has, in my view, demonstrated that it is likely to succeed on the merits—namely, that enforcement of the Mississippi law would likely violate its members' First Amendment rights under this Court's precedents. See *Moody* v. *NetChoice, LLC*, 603 U. S. 707 (2024); *Brown* v. *Entertainment Merchants Assn.*, 564 U. S. 786 (2011); cf. *Free Speech Coalition, Inc.* v. *Paxton*, 606 U. S. \_\_\_ (2025). Given those precedents, it is no surprise that the District Court in this case enjoined enforcement of the Mississippi law and that seven other Federal District Courts have likewise enjoined enforcement of similar state laws. See No. 1:24–cv–170 (SD Miss., June 18, 2025); *NetChoice, LLC* v. *Yost*, 716 F. Supp. 3d 539 (SD Ohio 2024); *Computer & Communications Industry Assn.* v. *Paxton*, 747 F. Supp. 3d 1011 (WD Tex. 2024); *NetChoice, LLC* v. *Reyes*, 748 F. Supp. 3d 1105 (Utah 2024); *NetChoice, LLC* v. *Bonta*, 770 F. Supp. 3d 1164 (ND Cal. 2025);

*NetChoice, LLC* v. *Griffin,* No. 5:23–cv–5105 (WD Ark., Mar. 31, 2025); *Computer & Communications Industry Assn.* v. *Uthmeier,* ___ F. Supp. 3d ___, No. 4:24–cv–438 (ND Fla., June 3, 2025); *NetChoice* v. *Carr,* ___ F. Supp. 3d ___, No. 1:25–cv–2422 (ND Ga., June 26, 2025).

In short, under this Court's case law as it currently stands, the Mississippi law is likely unconstitutional. Nonetheless, because NetChoice has not sufficiently demonstrated that the balance of harms and equities favors it at this time, I concur in the Court's denial of the application for interim relief.